FILED

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIENNE P. CLAYTON, | No. 10-56009 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-06479-R-VBK |
| v. | |
| PATRICK R. DONAHOE, Postmaster General of the United States Postal Service, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 9, 2011[**]
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

Adrienne P. Clayton's discrimination claim fails because Clayton has not

introduced any direct or "specific and substantial" circumstantial evidence that her

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

employer's asserted legitimate reasons for its employment decision were pretext and that race was the real motivation behind the employment decision. *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Clayton's allegation that decisionmaker Oscar Villanueva told unspecified "Hispanic Officers" that he intended to promote Hispanic employees, does not help her, because it is inadmissible hearsay. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778–79 (9th Cir. 2002).

Clayton failed to create a genuine issue of material fact that there was a causal connection between her EEO activity and the employer's failure to select her. *See Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1064–65 (9th Cir. 2002). An inference of causation based on close temporal connection between protected activity and an adverse employment action does not arise here because Clayton's previous EEO activity occurred sometime in 2005, at least ten months before she applied for the supervisor position in November 2006. *Cf. Manatt v. Bank of Am. NA*, 339 F.3d 792, 802 (9th Cir. 2003).

Clayton's claims that her employer retaliated against her by failing to timely process her Continuation of Pay (where she did not suffer any temporary or permanent financial loss) and by restoring her belongings from storage are also untenable, because these occurrences do not constitute "adverse actions" that

2

would dissuade a reasonable employee from pursuing an EEO complaint, as needed to establish a prima facie case of retaliation. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006). Moreover, Clayton has not offered any evidence, direct or circumstantial, from which a jury might infer that the employer's legitimate reasons for these actions were pretextual and the employer's true motivation was retaliation for Clayton's EEO activity. *See Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). Therefore, her retaliation claims also fail.

**AFFIRMED.**